FILED
September 09, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003758663

ALLLAYE CHAN LAW GROUP
Richard Allaye Chan, Jr. 176416
1000 G Street, Suite 220
Sacramento, CA 95814
Tel: (916) 446-4400

Attorney for Debtor
JEFFERY SCOTT MARANG

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

JEFFERY SCOTT MARANG,

Debtor.

_____/

Case No. 11-22486-E-7

Mtn. Ctrl. No.: RAC-1

In Chapter 7

**DEBTOR'S MOTION TO COMPEL TRUSTEE TO ABANDON REAL PROPERTY**

Date: October 6, 2011
Time: 10:30 a.m.
Court Room: 33
Department: E

TO: THE TRUSTEE, JOHN R. ROBERTS, THE UNITED STATES TRUSTEE, ALL CREDITORS, AND TO ALL OTHER INTERESTED PARTIES:

Pursuant to 11 U.S.C. Section 554(b) and Federal Rule of Bankruptcy Procedure 6007(b), JEFFREY SCOTT MARANG, Debtor and Petitioner herein, by and through his attorney, Richard Allaye Chan, Jr., hereby moves the Court for an order requiring the Trustee of the above-captioned estate to abandon the estate's interest in real property located at **15 Big River Ct, Sacramento CA 95831** (here in after as "real property"). In support of the motion, the Debtor's respectfully represent as follows:

1. Petitioner is the Debtor in the above captioned bankruptcy case, having filed his Petition for relief in Chapter 13 on January 31, 2011 and then later converting his case to one under Chapter 7 on May 17, 2011. Trustee John R. Roberts was duly appointed Chapter 7 trustee.

2. Creditor, METLIFE HOME LOAN, the first deed of trust has a secured interest in said real property for $159,165.00 at the time of converting the Debtor's case to Chapter 7.

3. Creditor, BAC HOME LOAN SERVICING, the second deed of trust has a secured interest in said real property for $67,547.00 at the time of converting the Debtor's case to Chapter 7.

4. Debtor has also claimed a homestead exemption up to a $100,000 pursuant to California Code of Civil Procedure §704.730 in the same piece of real property.

5. Debtor asserted that the real property's value was $256,000.00 at the time of converting his case to Chapter 7. This assertion is based upon a comparable sales analysis pulled by a local real estate broker, Steve C. Becker.:

    (a) The comparable sales analysis was pulled on January 27, 2011. See Exhibit A, a true and correct copy of the analysis summary and made part of this motion.

    (b) Debtor asserts that said collateral leaves no equity for the bankruptcy estate because it encumbered by the two liens and the debtor has claimed up to an additional $100,000 homestead exemption in the property.

5. 11 U.S.C. § 554(b) states that "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." Based on the Comparable Sales Analysis, the collateral is of inconsequential value and of no benefit to the estate. In fact the sale would not yield any funds to cover any Trustee administration costs.

| 1 | WHEREFORE, Debtor and Petitioner herein respectfully request that this Court enter an |
| --- | --- |
| 2 | order requiring the Trustee to abandon the estate's interest in the collateral. |

ALLAYE CHAN LAW GROUP

Dated: 9/9/11

/s/ Richard Allaye Chan, Jr.
Richard Allaye Chan, Jr.